INHABITANTS OF THOMASTON *vs.* INHABITANTS OF GREENBUSH.

Knox. Opinion November 24, 1903.

*Pauper. Notice,* insufficient. *R. S. (1883), c. 24, § 37.*

A pauper notice, by the overseers of one town to those of another, in which the only description of the persons relieved and alleged to be paupers, is, "the children of Alden B. Partridge" is too indefinite to fairly meet the requirements of the statute and is invalid.

Agreed statement. Judgment for defendant.

Action for pauper supplies.

Plea general issue, with brief statement that the notices were insufficient, said notices not stating the number; nor whether they were all or part of the children of Alden B. Partridge; neither did the notices state the age, sex or condition; nor whether the children were living with their parents or apart from them, — the only designation being children. Amount of supplies alleged to have been furnished from December 11, 1901, to January 30, 1903, $170.80. Admitted that the supplies were properly furnished as declared in the writ; admitted that the following notice was sent by Thomaston to Greenbush January 10, 1902, and received by Greenbush January 11, 1902—

Notice to Overseers of Poor to Remove Pauper.

To the Overseers of the Poor of the Town of Greenbush,

In the County of Penobscot and State of Maine.

Gentlemen:— You are hereby notified that the children of Alden B. Partridge, destitute persons found in our town of Thomaston and having no settlement therein, and being in need of immediate relief, the same has been furnished by our said town, on the account of and at the proper charge of your town of Greenbush where the said children has their settlement; and you are requested to forthwith remove the said children, and to defray the expense of their support in our said town now amounting to　.　.　.　.

Dated at Thomaston this tenth day of January A. D. 1902.

S. J. Starrett, Ch $\left\{\begin{array}{l}\text{Overseers of}\\ \text{the Poor of}\\ \text{Thomaston.}\end{array}\right.$

Also that a notice in same form was dated and sent by Thomaston to Greenbush April 21, 1902, and received by Greenbush April 22, 1902; and that Greenbush made no reply or denial to either notice;

Alden B. Partridge had deserted his family and they lived in Thomaston;

The children supplied and referred to in the notices were all of the children of said Alden B. Partridge, were minors and were living with their mother in Thomaston when the supplies were furnished and notices given;—and the defendant has no knowledge to the contrary.

*J. E. Moore,* for plaintiff.

*M. A. Johnson,* for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, PEABODY, JJ.

SAVAGE, J.　Action to recover for pauper supplies. The only question in controversy between the parties is whether the notice which described the persons relieved as "the children of Alden B. Partridge," and in no other way, is sufficiently definite. It is

admitted that the children supplied and referred to in the notice were all of the children of Alden B. Partridge, were minors, and were living with their mother in Thomaston when the supplies were furnished and the notices given.

The statute provides that overseers, "shall send a written notice, signed by one or more of them, stating the facts respecting a person chargeable in their town, to the overseers of the town where his settlement is alleged to be, requesting them to remove him, which they may do." R. S. (1883), c. 24, § 37. The statute does not in any place prescribe what facts are required to be stated, but were the statute now to be construed for the first time, it would certainly seem that among the facts to be stated are those which shall serve to identify the persons relieved, in order that the overseers to whom the notice is given may comply with the request, come to the town, take the persons relieved—all of them and no more—and remove them. And the notice itself should be sufficiently definite to enable this to be done, without outside investigation. Not that the overseers may not be obliged to ascertain by inquiry who are the individuals described in the notice, but the description must sufficiently describe the individuals, so that their identity may be thus ascertained. *Holden* v. *Glenburn*, 63 Maine, 580.

The statute relating to pauper notices has been several times construed by this court. In *Bangor* v. *Deer Isle*, 1 Maine, 329, it was held that a notice stating that "S., his wife, and several of their children" had become chargeable, was not good as to the children. In that case the court seemed to rely upon *Embden* v. *Augusta*, 12 Mass. 306, and *Shutesbury* v. *Oxford*, 16 Mass. 102, cases in which the word "family" had been held to be too general and indefinite, and declined to make any distinction between "family" and "children." The court also cited *Ware* v. *Stanhead-Mount-Fichel*, 2 Salk. 488, where it was decided that an order to remove H. with his wife and children was bad; and Comyn's Digest, Justice of the Peace, B. in which it is stated that an order of removal is bad if it does not state the ages of the children. In *Bangor* v. *Deer Isle*, the court declared that the notice should "state the names of the persons chargeable, or otherwise so describe them, that the overseers may certainly know

whom to remove." It should be observed, however, that the notice in that case stated that "several of their children" were chargeable. It did not purport to cover all of the children, nor state how many or which were chargeable. It was thus clearly indefinite.

In *Dover* v. *Paris*, 5 Maine, 430, the notice was of "one John Stetson and family." The evidence showed that a son of John Stetson was the person relieved. The court held the notice bad, upon the authority of *Embden* v. *Augusta* and *Bangor* v. *Deer Isle*.

In *Sanford* v. *Lebanon*, 31 Maine, 124, the notice stated that "the wife and children of Ivory Herson" had become chargeable, and court and counsel seemed to have assumed, without discussion, that the notice was bad as to the children. It appeared, however, that only a part of the children were in the plaintiff town or had become chargeable there.

The next and last case in this State is *Woodstock* v. *Bethel*, 66 Maine, 569. The notice was that "Mrs. Arabella Estes and her five children" had fallen into distress. The children were not named, nor described as minors. The court after referring to the earlier cases in Maine and Massachusetts said, "These cases have been modified by subsequent decisions," and held the notice good. So in *Orange* v. *Sudbury*, 10 Pick. 22, the notice was that "A. E., and wife and three children" were chargeable; in *Lynn* v. *Newburyport*, 5 Allen, 545, it was "Mrs. A. B. and three children" had applied for relief; and in *Burlington* v. *Essex*, 19 Vt. 91, the order of removal was of a pauper, his wife, "and four children." These cases are all cited in *Woodstock* v. *Bethel*, supra, and in each of them the description of the children was held to be sufficiently definite. In each of these cases the number of the children was stated, and stated correctly.

On the other hand, in *Walpole* v. *Hopkinton*, 4 Pick. 358, a notice that "E. S. and her three children" have become chargeable was held bad for uncertainty, she having four children. The court said "it would not be possible for the defendant to know which of them were the subjects of the request" for removal. In *New Boston* v. *Dumbarton*, 12 N. H. 409, the notice was that "Nancy Towne and her four minor children" were paupers. She had other minor children. The court held the notice bad, saying, "The names of the

children should have been given, or otherwise particularly described, so that it might appear which of her minor children had been relieved."

It is to be noted that in every case where the word "children" in a notice, without names or other particular description, has been held sufficient, the number of the children has been correctly given, and in each case, they were all of the children. In such cases, the overseers would know how many persons were chargeable, and how many were to be removed.

But the plaintiff here argues that the expression "the children" in this notice means impliedly *all* the children, (though it did not in fact in *Sanford* v. *Lebanon,* supra,) and that a notice stating that "all the children" are chargeable is equally valid with one which states correctly the number of the children. And it is said that the notice was true, because all of the children of Partridge were the subjects of relief.

We are unable to agree with the contention of the plaintiff. It goes farther than any case has yet gone. There is a wide difference between "all the children," and a certain number of children. One is indefinite, and the other is definite. A notice in the latter case discloses the number of persons who have been relieved, and who are to be removed, and in the former, it does not. How shall overseers seeking to comply with the request of this notice know, from anything in the notice contained, when they have fully complied with it, and have got *all* the children? Or if they choose to defend, how shall they know how many paupers are sought to be charged to their town, and instances of relief to how many paupers, they must be prepared to meet? They are at least entitled to be informed of the number of persons affected, in order that they may investigate the situation of each person by itself, if they choose.

We think this notice is insufficient.

*Judgment for the defendant.*